## A. SANFORD ET UX *v.* OWEN EDWARDS ET AL.

**Wills—Devise of Lands—Consruction of Wording of Will.**

A will which devises lands to Mrs. Edwards "and the heirs of her body forever," is held to create in the estate thus devised, a fee simple title.

**Lands and Conveyances—Deeds by heirs, of an Expectancy.**

A sale of an expectancy, unassailable as fraudulent conveyances, to one, under the supposition that their mother had only a life interest in property devised her by her husband, will be confirmed, and the title subsequently acquired by the grantors, from their mother, will inure to the benefit of their vendee so as to vest a legal title in him.

APPEAL FROM FLEMING CIRCUIT COURT.

December 12, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

Joseph Edwards died in July, 1860, and his wife, Matilda Edwards, died in February, 1862. They were possessed of an estate in land, slaves and personalty, including 96 acres of land acquired under the will of Mrs. Edwards' father, James McIlhenny, and slaves also derived in her right.

On the 15th of October, 1860, Owen Edwards, one of the children, assuming that his mother had but a life estate in the land and her children the remainder, sold and conveyed his supposed interest to John D. Secrest, and on the 26th of March, 1860, Thomas M. Edwards made a like sale and conveyance, to Secrest.

Sanford and his wife, late Edwards, brought this suit seeking to set up a deed from Joseph Edwards to them for a slave woman named Huldah, and a provision of $1,000 made by J. Edwards to them; also to charge the several distributees with advancements, and settle the estates of said decedents and for a partition among the heirs. And said Sandford setting up claims against Thomas M. Edwards and Owen Edwards, and alleging that their deeds to Secrest passed no title to him, sought to subject said interest to his claims.

Others of the heirs, by their answers and cross-pleadings, assailed said deed and provision, made by Joseph Edwards, in favor of Sanford and wife as fraudulent and obtained from Edwards when he was incompetent to make them.

The court adjudged, in substance,

        1. That Joseph Edwards had capacity to execute the deed and bill of sale to Mrs. Sanford, and the provision so made for her was valid.

        2. That James McIlhenny's will vested in Matilda Edwards a fee simple title in the land.

        3. That the conveyance of Thomas M. and Owen Edwards to Secrest be sustained.

Sanford and wife complain of the judgment in so far as it

sustains the conveyances to Secrest; and the other distributees of the estate seek a reversal so far as the judgment sustains the provision made for Mrs. Sanford by Joseph Edwards.

Although the business capacity of Joseph Edwards seems to have been much impaired by habits of dissipation, to which he was unfortunately addicted, he does not appear to have been a lunatic or imbecile, and the evidence, we think, sustains the conclusion of the court below that he had sufficient capacity to make the provision and bill of sale to Mrs. Sanford and that they were valid.

We also concur with the circuit court in its construction of the will of James McIlhenny, which devised the land to Mrs. Edwards "and the heirs of her body forever."

The estate thus devised was properly construed to be a fee simple title, according to the decisions of this court in Johnson vs. Johnson (2 Met., 331) and Lane vs. Nichols (2 Duvall, 447).

We are further of the opinion that although the title attempted to be conveyed by Thomas M. Edwards and Owen Edwards to Secrest did not vest in them till after the date of their deeds, as these conveyances seem not to have been assailable as fraudulent conveyances under the statute, and contained covenants of general warranty, the title subsequently acquired by the grantors inured to the benefit of Secrest, so as by operation of law to vest the legal title in him. (Logan vs. Steele's heirs, 4 Mon., 430; Logan vs. Moore, 7 Dana, 76; Dickinson's heirs, &c., vs. Taylor's Exors., &c., 14 B. Monroe, 60.)

Wherefore, perceiving no error in the judgment to the prejudice of either party complaining, the same is affirmed.

*Cord, for appellants.*

*Weis, for appellees.*